# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DWAYNE STOVALL,

    Plaintiff,

v.

WARDEN ANTOINE CALDWELL; CHIEF COUNSELOR FREDERICK JOHNSON; UNIT MANAGER WILLIAMS; LIEUTENANT KING; LIEUTENANT SMITH; OFFICER YOUNGBLOOD; OFFICER CURRY; OFFICER MITCHELL; OFFICER TAYLOR; and WARDEN GRAMIAK,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-20

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently an inmate at Ware State Prison in Waycross, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. After review, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* on a single claim contained within his Complaint. (Docs. 1, 2.) I **RECOMMEND** that the Court **DISMISS** the remainder of Plaintiff's claims, without prejudice, pursuant to 28 U.S.C. § 1915(g). However, Plaintiff arguably states colorable claims for relief under 42 U.S.C. § 1983 against Defendants Taylor and Gramiak. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon these two Defendants by the United States Marshal without prepayment of cost.

## PLAINTIFF'S ALLEGATIONS

On February 22, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") contesting certain conditions of his confinement while housed at Wilcox State

Prison and Ware State Prison. (Doc. 1.) Plaintiff primarily alleges that Defendants employed at both facilities violated his Eighth Amendment rights by showing deliberate indifference to his serious medical needs. (Id.) First, Plaintiff contends that he was denied sufficient medical care by Wilcox State Prison staff after another inmate struck his eye and head with a steel padlock. (Doc. 1, p. 5.) Plaintiff alleges that the Wilcox State Prison staff's delay in providing medical care after the attack resulted in severe vision loss. (Id.) Second, Plaintiff contends that, due to his vision loss, he has fallen off of his top bunk and risks falling down stairs at Ware State Prison. (Id. at pp. 33–34.) Plaintiff avers that prison staff at Ware State Prison has therefore shown deliberate indifference to his serious medical needs by refusing to provide him with a bottom bunk, forcing him to walk down stairs, and denying him further medical treatment for vision loss. (Id.)

Plaintiff also asserts numerous additional claims against various Defendants in his Complaint. First, Plaintiff alleges that Wilcox State Prison staff transferred him to Ware State Prison in retaliation for filing a Section 1983 Complaint against them. (Id. at p. 18.) Plaintiff also contends that Wilcox State Prison staff improperly withheld his legal documents, preventing him from preparing for a state habeas corpus hearing. (Id. at p. 22.) Plaintiff further alleges that Defendants Taylor and Gramiak at Ware State Prison violated his Eighth Amendment right against cruel and unusual punishment by refusing to issue him warm clothing in the winter, confiscating his only item of winter clothing—a skull cap—and placing him in an "outside dog kennel cage" as punishment for his possession of a skull cap. (Id. at pp. 20–29.) Plaintiff's Complaint does not specify whether he seeks monetary or injunctive relief. However, Plaintiff has filed a Motion for a Preliminary Injunction in addition to his Complaint. (Doc. 3.)

**DISCUSSION**

**I.	Section 1915(g)**

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g) before filing this action:

- Order, Stovall v. Poole, No. 4:12-cv-148 (S.D. Ga. Nov. 19, 2012), ECF No. 12 (dismissal for failure to comply with court order);

- Order, Stovall v. Duncan, No. 4:13-cv-118 (S.D. Ga. Oct. 7, 2014), ECF No. 10 (dismissal for failure to state a claim);

- Order, <u>Stovall v. Poole</u>, No. 4:13-cv-24 (S.D. Ga. July 16, 2013), ECF No. 10 (dismissal for failure to state a claim); and

- Order, <u>Stovall v. Sikes</u>, No. 4:12-cv-204 (S.D. Ga. June 18, 2014), ECF No. 51 (dismissal for failure to state a claim).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in Forma Pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" <u>Odum v. Bryan Cty. Judicial Circuit</u>, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting <u>Skillern v. Jackson</u>, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing <u>Brown v. Johnson</u>, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. <u>Margiotti v. Nichols</u>, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" <u>Ball v. Allen</u>, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing <u>Muhammad v. McDonough</u>, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff may not assert claims against Defendants Caldwell, Johnson, Williams, King, Smith, Youngblood, Curry, or Mitchell, employees of Wilcox State Prison, under the "imminent danger" exception. Plaintiff filed his Complaint after being transferred to Ware State Prison. Plaintiff has not shown that he remained subject to "imminent danger that may result in serious

4

physical harm" by Defendants employed at Wilcox State Prison after his transfer to another prison. Furthermore, these individuals are employed at a facility located in the Middle District of Georgia. Because this Court lacks jurisdiction over Plaintiff's separate claims against Defendants located outside this district, he may not pursue those claims in this action.[1]

However, Plaintiff has plausibly alleged that he faces "imminent danger" that may result in "serious physical harm" regarding one claim against Defendants Taylor and Gramiak, employees at Ware State Prison.[2] Plaintiff claims that, after he was transferred to Ware State Prison and assigned to administrative segregation, he informed prison staff of his vision loss and provided proof of his medical need for a bottom bunk on the ground floor. (Doc. 1, p. 32.) Plaintiff avers that Defendant Taylor instructed staff to ignore Plaintiff's request and to assign him any bed that was available. (Id.) Plaintiff claims that he has since fallen off his top bunk and may fall down the stairs. (Id. at p. 33.) Plaintiff further asserts that he risks permanent vision loss if he does not receive treatment. (Doc. 3, p. 8.) An additional fall or permanent vision loss could result in "serious physical harm" to Plaintiff. Therefore, he may proceed *in Forma Pauperis* with his deliberate indifference claim against Defendants Taylor and Gramiak.[3]

---

[1] 28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[2] As discussed above, Plaintiff asserts several additional claims against Defendants Taylor and Gramiak. However, only his claim of deliberate indifference regarding his severe vision loss constitutes an imminent danger that may result in serious harm. Therefore, only this claim may proceed.

[3] Plaintiff also claims that "Officer Chapman" knew of and disregarded his medical need for a bottom bunk; however, Plaintiff has not named this individual as a Defendant. (Doc. 1, p. 33.)

For these reasons, the Court should **DISMISS** Plaintiff's claims against Defendants Caldwell, Johnson, Williams, King, Smith, Youngblood, Curry, and Mitchell. Additionally, the Court should **DISMISS** Plaintiff's claims against Taylor and Gramiak other than those claims that Taylor and Gramiak have been deliberately indifferent to his severe vision loss and resulting risk of harm. Should Plaintiff choose to prosecute the remainder of his claims while incarcerated, he must bring a separate action in the proper District and pay the full filing fee. [4]

## II.     Supervisory Liability Claim against Defendant Gramiak

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[5] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged

---

[4] Plaintiff must exhaust the administrative remedies available to him before filing an action in this Court. It appears that Plaintiff filed grievances concerning his medical condition at Wilcox State Prison, but failed to appeal those grievances. Further, Plaintiff has not utilized the administrative grievance process available at Ware State Prison. (Doc. 1, p. 33.) Plaintiff asserts that, although he requested inmate grievance forms at least eight times, no officer will provide him with the necessary forms. (Id.) At this early stage, Plaintiff arguably asserts that he has been prevented from exhausting his administrative remedies through no fault of his own. However, Plaintiff is warned that his Complaint may nevertheless be subject to dismissal at a later date if he failed to properly exhaust his administrative remedies. Under Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the court is to first take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant v. Rich, 530 F.3d 1368, 1376–77 (11th Cir. 2008).

[5] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

violations. Braddy, 133 F.3d at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears that Plaintiff has named Defendant Gramiak based solely on his position as the Warden of Ware State Prison. Plaintiff does not allege any facts that could lead to the plausible conclusion that Defendant Gramiak was even aware of his condition or the lack of treatment of that condition. See Farmer v. Brennan, 511 U.S. 825, 828 (1994) ("In order to be held liable under the Eighth Amendment, a prison official must know that the inmate faces a substantial risk of serious harm and then disregard that risk.") Accordingly, the Court should **DISMISS** Plaintiff's claims for monetary relief against Defendant Gramiak.

However, any claims for injunctive relief can proceed against Defendant Gramiak. In Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988), the Eleventh Circuit articulated the scope of the Ex Parte Young exception to the Eleventh Amendment. Luckey, 860 F.2d at 1015–16 (citing Ex Parte Young, 209 U.S. 123, 157 (1908)). Specifically, the Court provided:

> Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity. All that is required is that the official be responsible for the challenged action. As the Young court held, it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of. [W]hether [this connection] arises out of general law, or is specially created by the act itself, is not material so long as it exists.

Id. At this early stage, the Court finds that Plaintiff has stated a plausible claim for injunctive relief against Defendant Gramiak based on this theory.

**III.     Putative Claims for Monetary Damages**

Plaintiff does not specify in his Complaint whether he also seeks monetary damages from Defendants. In the event Plaintiff wishes to recover relief in the form of monetary damages, Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. The Court should **DISMISS** these claims.

Similarly, Plaintiff may not recover compensatory or punitive damages from Defendants in their individual capacities. While Plaintiff asserts that he has fallen off his top bunk, he has not alleged that he suffered any physical injury as a result of Defendants' actions. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical

injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976–79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit held that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original).

Plaintiff's failure to allege that he has suffered any physical injury is fatal to any claim for compensatory and punitive damages. Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011) ("In sum, our published precedents have affirmed district court dismissals of punitive damage claims under the PLRA because the plaintiffs failed to meet § 1997e(e)'s physical injury requirement."). Consequently, the Court should **DISMISS** any claims for punitive or compensatory damages.

**IV.    Deliberate Indifference Claim**

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer, 511 U.S. at 832. Generally speaking, however, "prison conditions rise to the level of an

Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Plaintiff arguably asserts that he has a serious medical need. See Kuhne v. Fla. Dep't of Corr., 618 F. App'x 498, 504 (11th Cir. 2015) (finding that Plaintiff's vision loss constituted a serious medical need); Harris v. Leder, 519 F. App'x 590, 596 (11th Cir. 2013) ("There is no dispute that [Plaintiff's] traumatic eye injury to his right eye was an objectively serious medical need.") Further, Plaintiff has alleged sufficient facts that Defendant Taylor knew of and disregarded his serious medical need with conduct that exceeded gross negligence. Plaintiff contends that he showed Defendant Taylor his institutional medical profile, which stated that he could not be housed in a top bunk and could not walk down stairs due to his vision loss. (Doc. 1,

11

p. 32.) Plaintiff further contends that Defendant Taylor instructed staff to ignore his medical needs. Id. In addition, Plaintiff asserts that Defendant Taylor has purposely prevented Plaintiff from receiving medical treatment on two occasions. (Id. at pp. 24–28.) Accordingly, Plaintiff has alleged that Defendant Taylor's actions amounted to "more than gross negligence." Therefore, Plaintiff's deliberate indifference claim may proceed against Defendant Taylor for injunctive relief and nominal damages and against Defendant Gramiak for injunctive relief only.

## V. Motion for Preliminary Injunction

In addition to his Complaint, Plaintiff has filed a Motion for a Preliminary Injunction. (Doc. 3.) Therein, he states that prison staff continues to deny him medical treatment for vision loss. Id. Plaintiff requests, as he does in his Complaint, that he receive immediate treatment for his vision loss. Id.

To be entitled to a preliminary injunction or a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a

constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, the Court should **DENY** his Motion for a Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* on his claims of deliberate indifference against Defendants Taylor and Gramiak. (Doc. 2.) However, I **RECOMMEND** that the Court **DISMISS** the remainder of Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g). Additionally, the Court should **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities

and **DISMISS** all claims for compensatory and punitive damages. I further **RECOMMEND** that the COURT **DISMISS** Plaintiff's Motion for a Preliminary Injunction.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in Forma Pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the

Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or

other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than

twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.

A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING**
**MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual

assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of March, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA